# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MOIRSCHE TERRELL SIBLEY (M21315), ) | |
| ) | Case No. 17-cv-6298 |
| Plaintiff, ) | |
| ) | Judge Robert M. Dow, Jr. |
| v. ) | |
| ) | |
| THOMAS J. DART, et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion to dismiss Plaintiff's second amended complaint for failure to state a claim [33] filed by Defendants. For the reasons set forth below, the motion [33] is granted in part and denied in part. Plaintiff is given until March 22, 2019 to file a third amended complaint, in light of the change in law addressed below. Further status hearing set for April 4, 2019 at 9:30 a.m.

**I. Background**

Plaintiff Moirsche Terrell Sibley brings this civil rights action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights by subjecting him to unconstitutional conditions of confinement and failing to provide medical care for his serious medical condition. Plaintiff is a prisoner in the custody of the Illinois Department of Corrections ("IDOC"). [31, at ¶ 5.] All Defendants (with the exception of Cook County and Sheriff Thomas J. Dart) were at all relevant times correctional officers at the Cook County Department of Corrections also known as the Cook County Jail. [*Id*. at ¶¶ 6-27.] Although Plaintiff currently resides at the Statesville Correctional Center [*id*.], this lawsuit relates to an incident that occurred on February 26, 2017 while Plaintiff was detained at the Cook County Jail pending trial. [*Id*. at ¶ 34.]

At approximately 11:20 p.m. on February 26, 2017, a fire in the vents of Division 10 of the Cook County Jail created a thick chemical smelling smoke in Tier 2A (Plaintiff's tier) and the other tiers of Division 10. [*Id*. at ¶ 35.] There was no watchman present in tier 2A at the time smoke first was observed, as Defendant Jonetta Jefferson had left her post. [*Id*. at ¶ 36.] Plaintiff and other detainees began screaming for help as Tier 2A filled with smoke. [*Id*. at ¶ 37.] Nobody came for approximately 20 minutes.[1] During that time, Plaintiff lost consciousness, experienced severe chest pains, and had difficulty breathing. [*Id*.]

Jefferson returned to her post approximately 20 minutes after smoke was first observed in Tier 2A. [*Id*. at ¶ 36.] After seeing smoke in the tier, Jefferson again left the tier to call her supervisors. [*Id*. at ¶ 38.] Approximately 10 to 15 minutes later, the jail began to evacuate detainees from Tier 2A into the chapel area of the jail. [*Id*. at ¶ 39.] After being evacuated into the chapel area, Plaintiff approached Defendant E. Velez to inform him that he has asthma and needed to see a doctor or nurse due to smoke inhalation, which made Plaintiff light-headed and dizzy. [*Id*. at ¶ 40.] Velez told Plaintiff that there was no medical staff available and walked away. [*Id*.] Plaintiff waited in the chapel for two hours without receiving any medical attention. [*Id*. at ¶ 41.] Plaintiff alleges that he became lightheaded and dizzy. [*Id*. at ¶ 42.] He was vomiting, and he even lost consciousness for an extended period of time. [*Id*.]

Plaintiff alleges that all Defendants participated in or watched the transfer of Plaintiff and other detainees back to Tier 2A, even though the detainees told Defendants that they did not want to return to the smoke-filled tier. [*Id*. at ¶¶ 44-45, 48.] Defendant B. Judge even threatened to spray Plaintiff and the other detainees with mace if they did not hurry onto the smoke-filled tier. [*Id*. at ¶ 47.] While the detainees were being transferred back to Tier 2A, Plaintiff observed

---

[1] Plaintiff alleges that nobody came for approximately 20 to 30 minutes, but Plaintiff also alleges that Jefferson returned to her post approximately 20 minutes after smoke first was observed. [*Id*. at ¶¶ 36-37.]

Defendant John Brown choking and gasping for breath from the smoke. [*Id*. at ¶ 44.] Brown also vomited into a toilet because of the smoke. [*Id*.] When detainees were forced to return to Tier 2A, multiple Defendant officers refused to return to the tier because there still was too much smoke. [*Id*. at ¶ 45.] The smoke (which had a chemical smell) remained in Tier 2A for at least 6 hours after Plaintiff was forced to return. [*Id*. at ¶ 43.]

## II.     Legal Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly,* 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

### III. Analysis

Plaintiff brings individual capacity claims against numerous Defendants for alleged unconstitutional conditions of confinement and for deliberate indifference to Plaintiff's serious medical needs. Because Plaintiff had not yet been tried when he was detained at Cook County Jail, his conditions of confinement claims arise under the Fourteenth Amendment and not the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies only to prisoners who have been convicted and sentenced. *Lewis v. Downey*, 581 F.3d 467, 474 (7th Cir. 2009) (holding that the plaintiff's Eighth Amendment rights "had not yet vested" because he had not been sentenced). Although the Seventh Circuit had long assessed pretrial detainees' due process rights under Eighth Amendment standards, that changed after the Supreme Court decision *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), "which held the due process standard for excessive force claims by pretrial detainees is less demanding than the Eighth Amendment standard for excessive force claims by convicted inmates." *McWilliams v. Cook Cty.*, 2018 WL 3970145, at *5 (N.D. Ill. Aug. 20, 2018) (summarizing *Kingsley*). Specifically, the Supreme Court held that "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 135 S. Ct. at 2473.

Although *Kingsley* already had been decided when Defendants filed their motion to dismiss, the Seventh Circuit had not yet extended its holding beyond excessive force claims. Before Plaintiff filed its response and Defendants filed their reply, however, the Seventh Circuit issued its decision in *Miranda v. Cty. of Lake*, which extended *Kingsley*'s holding to medical-care claims brought by pretrial detainees. 900 F.3d 335, 352 (7th Cir. 2018) ("We thus conclude * * * that medical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*."). After *Miranda*,

district courts similarly have extended *Kingsley*'s holding to conditions of confinement claims brought under the Fourteenth Amendment. See, *e.g., McWilliams*, 2018 WL 3970145, at *5. In Plaintiff's response and Defendants' reply, the parties fail to address this change in law. To the extent that the parties' arguments are unaffected by this change in the law, the Court addresses those arguments below. However, to the extent that Defendants' motion to dismiss relies on arguments called into question by *Kingsley* and *Miranda*, Defendants' motion to dismiss is denied without prejudice to refiling after Plaintiff has been given the opportunity to file a third amended complaint,[2] as discussed below. The Court now turns to the arguments raised by Defendants in their motion to dismiss.

### A. Count I

Plaintiff brings an unconstitutional conditions of confinement claim (Count I) against Defendant Jefferson for leaving her post unattended in the period preceding the fire. Plaintiff alleges that Jefferson subjected Plaintiff to a smoke-filled tier by leaving her post unattended. [31, at ¶ 52.] "In cases involving the conditions of confinement in a prison, two elements are required to establish a violation of the Eighth Amendment's prohibition against cruel and unusual punishment: first, an objective showing that the conditions are sufficiently serious—*i.e.*, that they deny the inmate the minimal civilized measure of life's necessities creating an excessive risk to the inmate's health and safety—and second, a subjective showing of a defendant's culpable state of mind." *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017) (internal citations and quotation marks omitted). The culpable mental state required to state a claim under the Eighth Amendment is "one of deliberate indifference to inmate health and safety." *Daugherty v. Page*, 906 F.3d 606, 611 (7th Cir. 2018) (quoting *Haywood v. Hathaway*, 842 F.3d

---

[2] If Plaintiff wishes to stand on his second amended complaint, he may file a notice on the docket and need not file a third amended complaint.

1026, 1031 (7th Cir. 2016)) (internal quotation marks omitted). To state a conditions of confinement claim under the Fourteenth Amendment, however, a plaintiff need only allege that "defendant's conduct was objectively unreasonable"—in addition to alleging that the conditions of confinement were sufficiently serious. *McWilliams*, 2018 WL 3970145, at *5. "Reasonable safety" constitutes a minimal life necessity protected by the Eighth and Fourteenth Amendments. *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989).

Defendants first argue that Count I should be dismissed because Plaintiff has not alleged a sufficiently serious condition.[3] However, Plaintiff alleges that there was a fire in his division of the jail that caused a thick, chemical-smelling smoke to fill his tier. [*Id*. at ¶ 35.] The smoke caused Plaintiff to lose consciousness, experience severe chest pains, vomit for an extended period of time, and have difficulty breathing. [*Id*. at ¶¶ 37, 42.] Prison officials determined that detainees should be evacuated because of the smoke, and they kept the detainees out of the tier for approximately 2 hours because of the smoke.[4] [*Id*. at ¶ 44.] The adverse effects of the smoke were not limited to Plaintiff. After Plaintiff and other detainees were forced to return to their tier, Plaintiff witnessed Defendant Brown choking and gasping for breath because of the smoke.

---

[3] Defendants also argue that Plaintiff's claims fail under the Prison Litigation Reform Act ("PLRA") because Plaintiff has not alleged a physical injury that is more than de minimis. Under the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C.A. s 1997e(e). Still, the Seventh Circuit has made clear that the PLRA does not require that prisoners allege a physical injury to a state an Eighth Amendment claim. *Myers v. Indiana Dep't of Correction*, 655 F. App'x 500, 503 (7th Cir. 2016) ("The district judge was incorrect to state that, under 42 U.S.C. § 1997e(e), a prisoner must allege a physical injury in order to state a claim for mental or emotional injury."). "[A] physical injury is merely a predicate for an award of damages for mental or emotional injury, not a filing prerequisite for the federal civil action itself." See *Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003). The Court sees no reason why the Fourteenth Amendment standard would be any more demanding.

[4] The fact that a jail or prison conducts an evacuation alone does not establish a serious condition. It may be prudent for such institutions to conduct an evacuation as a precautionary measure, even if there is no actual threat or risk. Still, in light of the other facts alleged by Plaintiff here, the occurrence and duration of the evacuation is a relevant fact.

[*Id*. at ¶ 44.] The smoke also caused Defendant Brown to vomit. [*Id*.] Drawing all reasonable inferences in Plaintiff's favor, Plaintiff has alleged a sufficiently serious condition to warrant constitutional scrutiny.[5]

Still, in order to state a conditions of confinement claim against Defendant Jefferson, Plaintiff must allege that Defendant Jefferson's "conduct was objectively unreasonable." *McWilliams*, 2018 WL 3970145, at *5. The Court agrees that Plaintiff has not alleged that Jefferson's conduct violates the Eighth Amendment's deliberate indifference standard. Plaintiff alleges that Defendant Jefferson returned to the tier approximately 20 minutes after smoke was observed. [31, at ¶ 36.] After seeing the smoke-filled tier, Jefferson left to call her supervisors. [*Id*. at ¶ 38.] Plaintiff argues that Jefferson acted with deliberate indifference by abandoning her post despite understanding the potential risks of doing so. [37, at 12.] But Plaintiff does not allege any facts indicating that Jefferson was aware of any risk of fire. Nor does Plaintiff allege facts indicating that Jefferson knew that her leaving the prisoners unattended for approximately 20 minutes would create any substantial risk of harm to Plaintiff or any other detainees.[6] Still, the parties do not address whether Jefferson's "conduct was objectively unreasonable" under the less-stringent Fourteenth Amendment standard. Although the Court has its doubts, given that

---

[5] To be sure, the Court is not holding that exposure to smoke always amounts to a sufficiently serious condition warranting constitutional scrutiny. Where a plaintiff alleges facts indicating that exposure to smoke or other toxins was temporary and only resulted in minor ailments, an unconstitutional conditions of confinement claim is not viable. See, *e.g., Morissette v. DeTella*, 1997 WL 619851, at *5 (N.D. Ill. Sept. 29, 1997) (dizzy spells and headaches resulting from exposure to engine fumes for approximately 35 to 45 minutes did not amount to a constitutional violation); *Powers v. Snyder*, 484 F.3d 929, 932 (7th Cir. 2007) (Generally, "[a] prison is not required to provide a completely smoke-free environment[.]"); see also *Alexander v. Tippah Cty., Miss.*, 351 F.3d 626, 631 (5th Cir. 2003) (vomiting in reaction to the smell of sewage is not obviously a medical condition severe enough to warrant medical attention).

[6] If Jefferson was away from her post for an extended period of time and knew of a possible danger to the detainees, such conduct may amount to a constitutional violation. *Solivan v. Dart*, 897 F. Supp. 2d 694, 703 (N.D. Ill. 2012) (holding that plaintiff alleged a substantial risk of harm where a defendant left inmates unattended for hours knowing of a significant risk (*i.e.*, the ability of inmates to obstruct the locking mechanisms on their cell doors)). But Plaintiff does not allege such facts here.

Plaintiff did not have the opportunity to defend his claim under the appropriate standard, the Court denies Defendants' motion to dismiss with leave to file another motion to dismiss under the *Kingsley* and *Miranda* standards after Plaintiff has been given the opportunity to file a third amended complaint.

B. **Count II**

Plaintiff brings an unconstitutional conditions of confinement claim (Count II) against Defendants Jefferson, Judge, Velez, Willeda, Koedyker, Schous, Brown, Wells, Maddox, Ker, Satduran, Belletierre, Thomas, Kos, Salerno, Brown, Benitez, Turner, Rodriguez, Schnolis, and Cooper based on their conduct following the evacuation. Specifically, Plaintiff alleges that these Defendants required Plaintiff "to return to the smoke-filled tier" in violation of his Fourteenth Amendment rights.[7] As discussed above, Plaintiff has alleged a sufficiently serious condition warranting constitutional scrutiny.

Defendants argue, however, that Count II should be dismissed because Plaintiff uses improper group pleading. "Section 1983 creates a cause of action based upon personal liability and predicated upon fault. An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); see also *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" (quoting *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003))). A "defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Rasho v.*

---

[7] In his second amended complaint, Plaintiff also alleges that these Defendants delayed the "evacuation from the smoke-filled tier." [31, at ¶ 60.] However, in his response brief, Plaintiff does not base any of his arguments on the alleged delay. Given that Plaintiff alleges that Defendants began the evacuation as early as 10 minutes after Defendant Jefferson left to call her supervisors [*id*. at ¶ 39], it seems unlikely that Plaintiff could establish that the alleged delay amounts to deliberate indifference.

*Elyea*, 856 F.3d 469, 478 (7th Cir. 2017) (citation omitted). Still, a supervisory official cannot be held liable for the conduct of his subordinates based on a theory of respondeat superior. See *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002).

Plaintiff alleges generally that Defendants "forced" Plaintiff and others back onto the smoke-filled tier or watched Plaintiff and others be "forced" back onto the smoke-filled tier. [31, at ¶¶ 36, 48.] Plaintiff further alleges that some Defendants refused to return to the tier because of the smoke. [*Id*. at ¶ 46.] Defendant Judge even threatened to spray Plaintiff and other detainees with mace if they did not return to the smoke-filled tier. [*Id*. at ¶ 47.] The Court recognizes that Plaintiff's allegations with respect to all Defendants are not robust, but the challenged conduct (*i.e.*, forcing Plaintiff to return to his tier and/or allowing others to do so) is relatively straightforward. Plaintiff alleges that each Defendant participated in this challenged conduct. Cf. *Earl v. Howard*, 2017 WL 2779797, at *3 (N.D. Ill. June 27, 2017) (finding it "implausible" that approximately 85 defendants were all liable for the wide-variety of misconduct alleged). "Rule 8(a) is not so rigid that it requires a plaintiff, without the benefit of discovery, to connect every single alleged instance of misconduct in the complaint to every single specific officer. Such a pleading standard would effectively allow police officers to violate constitutional rights with abandon as long as they ensured they could not be individually identified, even if liability for acting in concert (or for aiding and abetting each other) would otherwise apply." *Koh v. Graf*, 2013 WL 5348326, at *4 (N.D. Ill. Sept. 24, 2013). The Court notes that Plaintiff must eventually tie particular Defendants to particular injuries to survive summary judgment. But at the motion to dismiss stage, Plaintiff's group pleading—although not ideal—is not prohibited.

That leaves the issue of whether Plaintiff sufficiently has alleged that Defendants violated his Fourteenth Amendment rights. Although Plaintiff's group pleading is permissible, that does not mean that Plaintiff sufficiently alleged a Fourteenth Amendment claim against each Defendant. Plaintiff must allege facts sufficient to establish that each Defendant "acted purposefully, knowingly, or perhaps even recklessly" and that their "conduct was objectively unreasonable." *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018). Because Plaintiff has not had the opportunity to address the correct legal standard, the Court denies Defendants' motion to dismiss Count III with leave to again move for dismissal under the appropriate legal standard after Plaintiff has been given the opportunity to file a third amended complaint.

C. **Count IV**

Plaintiff brings a Fourteenth Amendment claim for deliberate indifference to a serious medical condition (Count IV) against Defendants Jefferson, Judge, Velez, Willeda, Koedyker, Schous, Brown, Wells, Maddox, Ker, Satduran, Belletierre, Thomas, Kos, Salerno, Brown, Benitez, Turner, Rodriguez, Schnolis, and Cooper. The Supreme Court has made clear that the Eighth Amendment prohibits the deliberate indifference to the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976) ("[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983."). To establish an Eighth Amendment claim on that basis, Plaintiff must allege that (1) his condition was objectively serious, and (2) Defendants "were deliberately indifferent to his health or safety." *Orlowski v. Milwaukee Cty.*, 872 F.3d 417, 423 (7th Cir. 2017) (citing *Pinkston v. Madry*, 440 F.3d 879, 891 (7th Cir. 2006)). To state a Fourteenth Amendment medical-care claim, however, Plaintiff need

not allege that Defendants' acted with deliberate indifference; rather, Plaintiff need only allege that Defendants' conduct "was objectively unreasonable." *Miranda*, 900 F.3d at 354.

Defendants argue that Plaintiff fails to allege that his condition was objectively serious. "A serious medical condition is one that 'has been diagnosed by a physician * * * or one that is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Orlowski*, 872 F.3d at 423 (quoting *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010)). "A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Plaintiff alleges that he lost consciousness, experienced severe chest pains, and had difficulty breathing while he waited approximately 30 to 35 minutes to be evacuated to the chapel area. [31, at ¶¶ 37-40.] Plaintiff alleges that after he told Velez that he had asthma and needed medical attention, Velez told Plaintiff that no medical staff was available. [*Id*. at ¶ 40.] Plaintiff waited in the chapel area for 2 hours without receiving any medical attention. [*Id*. at ¶ 41.] Plaintiff became light headed, dizzy, and violently vomited for an extended period of time. [*Id*. at ¶ 42.] These allegations are sufficient to establish that Plaintiff had an objectively serious health condition. *Orlowski v. Milwaukee Cty.*, 872 F.3d 417, 423 (7th Cir. 2017) ("Failure to breathe and failure to regain consciousness are undoubtedly life-threatening medical conditions that are obvious to a layperson.").

With respect to Defendant Velez, Plaintiff alleges that he informed Velez that "he has asthma and [that] he needed to see a doctor or nurse due to his inhalation of smoke for a long period of time, which made [Plaintiff] light-headed and dizzy." [31, at ¶ 40.] Plaintiff further alleges that Velez told Plaintiff that no medical staff was available and walked away. [*Id*.] However, Plaintiff does not allege that Velez was aware that he had lost consciousness as a result

of his exposure to smoke. Nor does Plaintiff allege that Velez was aware that Plaintiff had difficulty breathing as a result of his asthma and/or his exposure to the smoke. Although Plaintiff informed Velez that he had asthma, he only indicated that the asthma caused him to feel light-headed and dizzy. There is no indication that Velez knew or had reason to know about the seriousness of Plaintiff's condition. The Court therefore questions whether Plaintiff sufficiently has alleged that Velez's actions were objectively unreasonable. Because Plaintiff has not had the opportunity to address this argument under the correct legal standard, however, the Court denies Defendants' motion to dismiss Count IV against Defendant Velez with leave to renew their motion under the appropriate legal standard once Plaintiff has had the opportunity to file a third amended complaint.

With respect to Defendant Judge, Plaintiff alleges that Judge threatened to spray him and the other detainees with mace if they did not return to the smoke-filled tier. [31, at ¶ 47.] And with respect to Defendant Brown, Plaintiff alleges that Brown himself experienced adverse symptoms from the smoke, including choking, gasping for air, and vomiting. [*Id*. at ¶ 44.] However, Plaintiff again does not allege that Defendants Judge or Brown knew of Plaintiff's serious medical condition. Nor does Plaintiff allege that Defendants Judge or Brown witnessed Plaintiff experience any adverse symptoms from the smoke. Thus, the Court again questions whether Plaintiff sufficiently has alleged that the actions of Defendants Judge and Brown were objectively unreasonable. Because Plaintiff has not had the opportunity to address this argument under the correct legal standard, the Court denies Defendants' motion to dismiss Count IV against Defendants Judge and Brown with leave to renew their motion under the appropriate legal standard once Plaintiff has had the opportunity to file a third amended complaint.

With respect to the remaining Defendants, Plaintiff does not allege any facts indicating that they "acted purposefully, knowingly, or perhaps even recklessly" or that their "conduct was objectively unreasonable" with respect to Plaintiff's alleged need for medical care. Although some individuals allegedly had severe adverse reactions to the smoke (*e.g.*, Plaintiff and Defendant Brown), it is not clear that everyone exposed to the smoke had the same reaction. Without any allegations regarding what the remaining Defendants knew about Plaintiff's condition or what Defendants should have been able to infer about Plaintiff's condition, the Court sees no basis for concluding that any Defendants other than Defendants Velez, Judge, and/or Brown "acted purposefully, knowingly, or perhaps even recklessly" and that their "conduct was objectively unreasonable." Accordingly, the Court grants Defendants' motion to dismiss Count IV against Defendants Jefferson, Willeda, Koedyker, Schous, Wells, Maddox, Ker, Satduran, Belletierre, Thomas, Kos, Salerno, Brown, Benitez, Turner, Rodriguez, Schnolis, and Cooper. The Court denies Defendants' motion to dismiss Count IV against Defendants Velez, Judge, and Brown with leave to renew their motion under the appropriate legal standard once Plaintiff has had the opportunity to file a third amended complaint.

### D. Count III (*Monell* Claim)

Defendants move to dismiss Plaintiffs' claim under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). "Under *Monell*, a local governmental entity is liable for damages only if a plaintiff can show that the alleged constitutional violation occurred as a result of an official policy, custom, or practice." *Clemons v. Dart*, 2016 WL 890697, at *9 (N.D. Ill. Mar. 9, 2016). Thus, *Monell* "requires a plaintiff suing a municipality or comparable entity to demonstrate that the entity's official policy, widespread custom, or action by an official with policy-making authority was the 'moving force' behind his constitutional injury." *Dixon v.*

*Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016). Defendant argues that Plaintiff fails to allege non-conclusory facts sufficient to establish such a policy, custom, or action.

Plaintiff argues that the Court should deny Defendants' motion to dismiss his *Monell* claim because Defendant Dart failed to provide direction for the safe evacuation and return of detainees to their cells despite there having been other fires in Cook County Jail. Although Plaintiff asserts in his response brief that "he is aware of prior fires [that] stared in the same fashion" [37, at 15], the second amended complaint does not include any allegations regarding any such fires. In fact, the second amended complaint does not include any factual allegations regarding Cook County Jail's fire safety policies (or lack thereof). Although the second amended complaint includes conclusory allegations of an unconstitutional policy, custom, or practice,[8] such conclusory allegations are insufficient to survive a motion to dismiss. *Carmona v. City of Chicago*, 2018 WL 1468995, at *3 (N.D. Ill. Mar. 26, 2018) (sufficiently alleging a *Monell* claim requires "more than bare factual allegations and conclusory recitals"). The Court therefore grants Defendants' motion to dismiss Plaintiff's *Monell* claim (Count III).

## IV. Conclusion

For the foregoing reasons, the motion [33] is granted in part and denied in part. Plaintiff is given until March 22, 2019 to file a third amended complaint, in light of the change in law addressed above. Further status hearing set for April 4, 2019 at 9:30 a.m.

Date: February 19, 2019

Robert M. Dow, Jr.
United States District Judge

---

[8] For example, Plaintiff alleges "Defendant had an unconstitutional policy, custom, or practice in direct opposition to the purposes of Section 1983." [31, at ¶ 68.] But Plaintiff fails to allege any facts in support of that assertion.